**COYLE & MORRIS LLP**
John D. Coyle, Esq. (0296362001)
201 Littleton Road, Suite 210
Morris Plains, NJ 07950
jcoyle@coylelawgroup.com
John D. Coyle 029632001
Donald A. Soutar 024521999
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDSEY KING and KRISTIN O'BOYLE<br><br>Plaintiffs,<br><br>v.<br><br>LCB SENIOR LIVING,<br><br>Defendant. | Civil Action No: 3:23-cv-74<br><br>**CIVIL ACTION**<br><br>**COMPLAINT WITH JURY DEMAND** |

1. This action seeks redress for the willful, wanton, and intentional violation of the civil rights of employees who have dedicated their careers to the wellbeing of others through their work at LCB Senior Living.

2. For years, Plaintiffs Lindsey King and Kristin O'Boyle, employed by Defendant LCB Senior Living ("LCB"), placed their vocations above all else.

3. Despite their service, the administration and attorneys for LCB turned their back on these loyal employees, ultimately firing them in a knowing and willful violation of controlling state and federal law.

4. This action is the result of institutional discrimination against personnel with certain deeply held religious beliefs and punishing them for attempting to defend these beliefs. It seeks injunctive relief for Plaintiffs and all others similarly situated under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("NJLAD") and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, *et seq.* ("TITLE VII").

5. This matter is <u>not</u> about whether vaccines 'work.' This case is <u>not</u> about whether private companies, like Defendant LCB can impose vaccine mandates; they can.

6. This case is concerned with the fact that any private or government vaccine mandate must still comply with state and federal law regarding exemptions.

7. As the United States Equal Employment Opportunity Commission ("EEOC") made clear[1]:

> Note: Court decisions upholding or rejecting federal vaccination requirements do not affect any statements made in this publication regarding employer and employee rights and responsibilities under the equal employment opportunity laws with respect to employers that require COVID-19 vaccinations.

8. That is the heart of this matter: Defendant LCB's willful and systematic violation of employer responsibilities and employee rights with respect to its COVID-19 vaccine requirement.

9. Defendant imposed a condition of employment that required Plaintiffs to forgo sincerely held religious beliefs in violation of the NJLAD and TITLE VII.

10. As discussed in greater detail below, the NJLAD and TITLE VII required LCB to engage in a *bona fide* interactive process to determine if Plaintiffs could perform the essential functions of their jobs with accommodation.

11. LCB refused to conduct this good faith investigation in flagrant disregard for the NJLAD and TITLE VII.

12. LCB has taken the following illegal and flagrantly discriminatory positions:

    a. First, it refused to accommodate Plaintiffs; and

    b. Second, it refused to engage in an interactive process with Plaintiffs to determine if there was accommodation acceptable to both parties.

---

[1] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

13. However, unvaccinated health care personnel in hundreds of facilities have been safely performing the essential functions of their jobs without being vaccinated with the accommodations of masking and routine testing - which is the exact same accommodation New Jersey Governor Murphy in his Executive Order 283 <u>put in place for healthcare workers with direct patient contact in hospitals</u>:

> The policies adopted by covered settings pursuant to this Order must provide appropriate accommodations, to the extent required by federal and/or state law, for employees who request and receive an exemption from vaccination because of a disability, medical condition, or sincerely held religious belief, practice, or observance. The policies adopted by covered settings pursuant to this Order must require covered workers that receive an exemption pursuant to this paragraph to continue weekly or twice weekly testing as required by Executive Order No. 252 (2021).

14. While that Executive Order requires healthcare workers to be vaccinated and requires their employers to comply with discrimination laws and accommodations, there was no similar mandate imposed on private employers like LCB.

15. This action arises because LCB has elected to violate the NJLAD and TITLE VII with respect to the enforcement of the vaccine mandate.

16. When LCB denied Plaintiffs' requests for exemption and accommodation, it did so with complete disregard for Plaintiffs' rights.

17. The COVID-19 pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of LCB. LCB instead used COVID-19 as a pretext to violate its most basic legal obligations to Plaintiffs.

18. This Complaint seeks to hold LCB accountable for its flagrant religious discrimination, refusal to accommodate, and retaliation.

## **PARTIES AND JURISDICTION**

19. Defendant LCB Senior Living is a senior living management company that operates independent, assisted, and memory care living facilities across 25 locations in 7 states. Plaintiffs were employed at the facility known as Residence at Stafford, located at 1275 Route 72 West, Manahawkin, New Jersey 08050.

20. Plaintiff Lindsey King, a former Licensed Practical Nurse at LCB since 2012, is a resident of the town of Little Egg Harbor in Ocean County, New Jersey. On November 3, 2022, the EEOC issued a Notice of Right to Sue in the matter *Lindsey King v. LCB Senior Living*, Charge No. 17E-2022-000083. A copy of which is attached hereto as Exhibit A.

21. Plaintiff Kristin O'Boyle, a former Licensed Practical Nurse at LCB since 2011, is a resident of Waretown in Ocean County, New Jersey. On October 11, 2022, the EEOC issued a Notice of Right to Sue in the matter *Kristin O'Boyle v. LCB Senior Living*, Charge No. 17E-2022-000060. A copy of which is attached hereto as Exhibit B.

22. This Complaint is filed within ninety (90) days of the Notices of Right to Sue.

23. As set forth herein, this Complaint brings claims under Title VII of the Civil Rights Act.

24. Therefore, pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter.

25. Plaintiffs live in and were employed in Ocean County.

26. The discrimination alleged in this complaint occurred in Ocean County, therefore this matter is properly venued in the District Court seated in Trenton.

## FACTUAL HISTORY

**The COVID-19 Policy & Rejection**

27. Like all companies at the onset of the pandemic, LCB was forced to observe the highest level of COVID-19 safety possible while still providing care to those who urgently needed it. This included asking some employees to work virtually and requiring on site employees to test regularly and wear protective equipment such as masks.

28. In or around August 13, 2021, LCB sent a company-wide request that employees receive the COVID-19 vaccine by September 6, 2021. Otherwise, unvaccinated employees without an exemption would, according to LCB, be deemed to have "voluntarily resigned."

29. On August 22, 2021, Plaintiff O'Boyle informed LCB's Human Resources Department that she could not take the vaccine as it violated her sincere religious beliefs.

30. Specifically, Plaintiff O'Boyle stated:

> Due to my religious beliefs as a Christian, I was taught and I believe that my body belongs to God and is the temple of the Holy Spirit. (1 Corinthians 6: 19-20). I will also have no fear or dismay, as I know God is with me. He will strengthen and help me, and will also uphold me with his righteous right hand. (Isaiah 41: 10).
>
> We are all God's children made in "his image" which tells me there was no "mistake" made when creating the human immune system. The immune system does not need to be "improved" with unclean vaccinations that are against my belief. I will continue to be guided by my faith and reliance upon God's protection consistent with Psalm 91.
>
> The Lord Jesus Christ, my creator, is the only source of protection that I believe and choose for my body. Throughout this pandemic for the past 18 months, God has protected me and I sincerely and firmly believe will continue to protect me."

31. On August 24, 2021, despite Plaintiff O'Boyle specifically identifying her faith, and the specific scripture paragraphs that she adhered to and that would be violated if she received the COVID vaccine, LCB requested additional information pertaining to the particular religious tenets

that prohibited Plaintiff O'Boyle from receiving the vaccine, setting a deadline for Plaintiff to submit additional information by September 6, 2021.

32. LCB's request for additional religious information was in direct conflict with numerous decisions from the United States Supreme Court, and precedential decisions in this Circuit regarding same. In determining what is a "religious" belief, the Third Circuit in Africa v. Pennsylvania, 662 F.2d 1025, 1030 (3d. Cir. 1981), held that the permissible scope of inquiry is only: "whether the beliefs are (1) sincerely held, and (2) religious in nature in the claimant's scheme of things." The Court clarified that it is "inappropriate" for the court "to attempt to assess the truth or falsity of an announced article of faith. Judges are not oracles of theological verity, and the Founders did not intend for them to be declarants of religious orthodoxy."

33. Before ever receiving a response from LCB to her request, the Executive Director for LCB told Plaintiff O'Boyle that she should not be surprised to see an online posting for her job because LCB had to "think ahead."

34. On September 3, 2021, LCB denied Plaintiff O'Boyle's request for a religious exemption despite the fact that the deadline to submit the additional information was September 6, 2021.

35. LCB then immediately constructively terminated Plaintiff O'Boyle by removing her from the schedule.

36. The timing of the above further establishes that LCB's request—which itself violated controlling law—was a mere pretext for religious discrimination.

37. Plaintiff O'Boyle emailed LCB to ask how it could make a decision even though her information had not been provided; she did not receive a response.

38. Despite being pretextually denied for a second time, Plaintiff O'Boyle submitted a 4-page letter from her pastor in support of her beliefs.

39. LCB then issued its third pretextual denial on September 9, 2021.

40. The Director of Nursing and the Executive Director for LCB emailed Plaintiff O'Boyle to ask if she would like to get back on the schedule until September 19th when she would "resign."

41. Plaintiff O'Boyle emailed back to state once again that she was not resigning.

42. At no point was Plaintiff O'Boyle contacted to engage in the legally required interactive process, and at no point did Defendant attempt to find mutually agreeable accommodation. Despite tens of thousands of similar unvaccinated medical professionals working at facilities across the state with testing and masking as accommodations, Defendant did not even try to retain Plaintiff as an employee, despite more than 10 years of faithful service.

43. On August 31, 2021, Plaintiff King informed LCB's Human Resources Department that she could not take the vaccine as it went against her sincere and deeply held religious beliefs.

44. On August 31, 2021, LCB sent an additional set of questions to Plaintiff King to be completed by September 6, 2021.

45. On September 3, 2021, LCB sent an email to Plaintiff King extending the deadline for her to submit additional information related to her requests through September 19, 2021.

46. Then, shortly thereafter also on September 3, 2021 (before the original deadline of September 6th and before the extended deadline of September 19th), Defendant denied Plaintiff King's request for religious exemption. Defendant then stated that that if King chose not to get the COVID vaccine it would be considered resigning from her position.

47. On September 6, 2021, Plaintiff King provided answers to the requested additional information and followed up with the Defendant requesting further information as to why her request was denied.

48. Plaintiff reminded Defendant that they previously stated they would complete a final review of the request once they received additional information that they had requested.

49. However, Defendant denied Plaintiff King's request prior to receiving all the documents necessary for a review and removed her from the schedule, stating that the decision was "final."

50. On September 7, 2021 Plaintiff sent a letter from her Reverend to Defendant in further support of their deeply held and sincere religious beliefs.

51. On September 14, 2021, Defendant again denied Plaintiff King a religious exemption.

52. Plaintiff King was *de facto* constructively terminated by LCB as she has not worked for it since September 19, 2021.

## COUNT I:

## VIOLATION OF NJLAD: RELIGIOUS DISCRIMINATION

53. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

54. The NJLAD prescribed requirements that Defendant LCB was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

55. The NJLAD prohibits an employer, such as Defendant LCB, from retaliating against an employee who asserts their protected rights under the NJLAD.

56. The NJLAD protects the rights of persons with sincerely held religious beliefs.

57. Defendant LCB wrongfully denied requests for religious exemption as supposedly not meeting the standard for exemption, in violation of the NJLAD.

58. The NJLAD prohibits LCB from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

59. Upon receipt of the requests for religious exemption from Plaintiffs, LCB terminated Plaintiff as employees.

60. By terminating Plaintiffs' employment, LCB retaliated against her in violation of the NJLAD.

61. As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a. Compensatory damages;

    b. Punitive damages;

    c. Attorneys' fees and costs of suit; and

    d. Such other relief as the Court may deem proper and just.

## COUNT II:

## VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE

62. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

63. The NJLAD provides that LCB <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

64. The NJLAD requires LCB to make a *bona fide* effort to reach accommodation for employees who seek exemption.

65. LCB did not make a *bona fide* effort to reach accommodation for Plaintiffs.

66. The NJLAD provides that accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

67. The NJLAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

68. Plaintiffs were able to perform the essential functions of their jobs without undue hardship to LCB.

69. Plaintiffs were able to perform the essential functions of their jobs without putting the public at risk.

70. By refusing to provide accommodations, LCB violated the NJLAD.

71. As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a. Compensatory damages;

    b. Punitive damages;

    c. Attorneys' fees and costs of suit; and

    d. Such other relief as the Court may deem proper and just.

## COUNT III:

## VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

72. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

73. TITLE VII provides that LCB <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do her job, unless doing so would impose an undue burden on their operations.

74. TITLE VII requires LCB to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

75. LCB did not make a *bona fide* effort to reach accommodation for Plaintiffs.

76. TITLE VII provides that accommodation will be considered to constitute an undue hardship if it results in the inability of an employee to perform the essential functions of their position.

77. TITLE VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

78. Plaintiffs were able to perform the essential functions of their jobs without undue hardship to LCB.

79. Plaintiffs were able to perform the essential functions of their jobs without putting the public at risk.

80. By refusing to provide accommodations, LCB violated TITLE VII.

81. As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a. Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs of suit; and

    d.    Such other relief as the Court may deem proper and just.

## COUNT IV:

## VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION

82. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

83. TITLE VII prescribed requirements that LCB was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

84. TITLE VII prohibits an employer, such as LCB, from retaliating against an employee who asserts their protected rights under TITLE VII.

85. TITLE VII protects the rights of persons with sincerely held religious beliefs.

86. TITLE VII prohibits LCB from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

87. Upon receipt of the requests for religious exemption from Plaintiffs, LCB terminated Plaintiffs as employees.

88. By terminating Plaintiffs' employment, LCB retaliated against them in violation of TITLE VII.

89. As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs of suit; and

  d.  Such other relief as the Court may deem proper and just.

## COUNT V:

## DECLARATORY JUDGMENT

90. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

91. NJLAD and TITLE VII provides for injunctive relief to prevent future violations.

92. Plaintiffs are legally entitled to a declaratory judgment that LCB violated the NJLAD and TITLE VII and that an injunction should be issued requiring LCB to comply with the NJLAD and TITLE VII regarding religious exemptions and accommodations.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

  a.  Injunctive relief as set forth herein;

  b.  Attorneys' fees and costs of suit; and

  c.  Such other relief as the Court may deem proper and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

**Dated: January 9, 2023**          Attorneys for Plaintiffs

                    By: *s/ John D. Coyle*

                  **COYLE & MORRIS LLP**
                  John D. Coyle, Esq. (0296362001)
                  201 Littleton Road, Suite 210
                  Morris Plains, NJ 07950
                  Tel. (973) 370-0592
                  jcoyle@coylemorris.com

# Exhibit A

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Lindsey King**<br>**129 Mountain Lake Road**<br>**Little Egg Harbor, NJ 08087** | From: **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00083** | **Damon Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
11/03/2022

**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc: For Respondent
Brett Anders
Jackson Lewis P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922

For Charging Party
John Coyle
Coyle Law Group
55 Madison Avenue, Suite 400
Morristown, NJ 07960

# Exhibit B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Kristin O'Boyle**
**83 Poplar Street**
**Waretown, NJ 08758**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

EEOC Charge No.
**17E-2022-00060**

EEOC Representative
**Damon Johnson,**
**State, Local & Tribal Program Manager**

Telephone No.
**(267) 589-9722**

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
10/11/2022
**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc: For Respondent
Eliza Lloyd
JACKSON LEWIS P.C.
200 Connell Drive, Suite 200
Berkeley Heights, NJ 07922

For Charging Party
John D. Coyle
Coyle Law Group LLP
55 Madison Ave., Suite 400
Morristown, NJ 07960